## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| KEVIN ANTHONY BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-295 |
| | ) | |
| CHATHAM COUNTY | ) | |
| DETENTION CENTER, and | ) | |
| MEDICAL STAFF, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECCOMENDATION

Proceeding *pro se* and *in forma pauperis* (IFP), plaintiff Kevin Anthony Bennett has filed a 42 U.S.C. § 1983 complaint for damages against the Chatham County Detention Center and its medical staff, alleging deprivation of razor blades resulting in swelling from an ingrown hair on his face, as well as overcrowding. Doc. 1 at 1, 5. The Court granted Bennett's request to pursue his case *in forma pauperis*. Doc. 3. He has returned the necessary forms. *See* docs. 4 & 5. The Court now screens his Complaint under 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

1

## BACKGROUND

Bennett alleges that during his incarceration at the Chatham County Detention Center, he shared a one-room cell with another inmate, where he "slept on a boat" against "Federal Guidelines." Doc. 1 at 5 (referring to these conditions as "Violation 1"). In addition, he was not given a razor for approximately two weeks. Doc. 1 at 5. He claims that his lack of access to a razor resulted in an ingrown hair on his face which swelled to the size of a quarter and led to "two [weeks] without sleep." *Id.* Bennett complained about his pain to Cpl. Muno and a second Correctional Officer ("CO"), and "everyone [that] came in [the] dorm." *Id.* Eventually, Lt. Blanton spoke to Bennett about his complaint. *Id.* At this meeting, Blanton found an unopened case of razors behind a desk. *Id.* Blanton subsequently confronted Cpl. Muno, who "pretended" he did not know about the razors. *Id.* Bennett was later seen by a nurse, who made him an appointment with medical staff. *Id.* Medical staff subsequently treated him. *Id.* He claims he now has a permanent scar. *Id.*

## ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Bennett admits that he has not yet fully exhausted his administrative remedies. Doc. 1 at 3-4. "[W]hen a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit" under 42 U.S.C. § 1997e(a). *Brown v. Sikes*, 212 F.3d 1205, 1207 (11th Cir. 2000). "The plain language of [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (internal citation and quotations omitted).

Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Normal pleading rules still apply to prisoner suits, however. *Id.* at 214-15. When a prisoner's failure to exhaust is apparent on the face of the

complaint, making it clear that the prisoner cannot state a claim for relief, dismissal is warranted under 28 U.S.C. § 1915A.  *Id.*

Bennett acknowledges that the CCDC has a prisoner grievance procedure, and indicates that he did not present the facts relating to his complaint to the appropriate grievance committee.  Doc. 1 at 3.  Bennett's explanation for not using the grievance procedure is limited to "private info."  *Id.* at 4.  Because he has not exhausted his admittedly available administrative remedies prior to filing suit, his claims should be **DISMISSED**.

## B. Section 1983 Claim

Even if Bennett had exhausted his administrative remedies, his complaint fails to state a claim.  Liberally construed, Bennett's pleadings allege violations of the Eighth Amendment, including a denial-of-medical-care claim and conditions-of-confinement claims.

### 1. Denial-of-Medical-Care Claim

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." 429 U.S. at 106. Pleading such a violation requires that the prisoner (1) satisfy an "objective component" by alleging that the prisoner had a serious medical need; (2) satisfy a "subjective component" by alleging that the defendants were deliberately indifferent to that need; and (3) allege that the injury was caused by the defendants' wrongful conduct. *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir. 2007).

Under the objective component, "a serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal citations and quotations omitted). The need must be so grave that if it is left unattended, it poses a substantial risk of serious harm. *Morrison v. City of Atlanta*, 614 F. App'x 445, 449 (11th Cir. 2015). Under the subjective component, "deliberate indifference" requires that a prison official actually knew of the risk of harm and disregarded the risk. *Gandy v. Reeder*, 778 F. App'x 149, 150 (3d Cir. 2019).

Regardless of whether prison officials were deliberately indifferent to Bennett's need for a razor, he has failed to allege facts demonstrating that his ingrown hair constituted a "serious medical need" under the objective component of the Eighth Amendment.  Numerous courts have recognized that skin conditions like the one alleged are not serious medical needs.  *Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (superseded by statute on other grounds) (holding that the plaintiff's "bleeding, inflammation, irritation, ingrowing of hairs, infection, purulence and pain" caused by shaving is not a "serious medical need" implicating the Eighth Amendment); *Cleveland v. Thaler*, 64 F. App'x 417, 417 (5th Cir. 2003) (holding that plaintiff did not establish an Eighth Amendment violation where prison officials forced him to shave, since plaintiff's condition, whereby shaving would aggravate his ingrown hairs on his face and neck, did not pose a serious risk of injury); *Taniguchi v. Wilson*, 2016 WL 3093883, at *2 (E.D. Ky. June 1, 2016) (even where uncomfortable and unpleasant, plaintiff's ingrown hairs or "razor bumps" do not constitute a serious medical need, and collecting cases); *Sherrod v. Dratler*, 2011 WL 4424752, at *2, *5 (N.D. Fla. Aug. 18, 2011) (skin irritation caused by shaving is not a serious medical

condition); *Cammatte v. Correct Health*, 2011 WL 891107, at *1, *6 (E.D. La. Feb. 18, 2011) (holding that a plaintiff's infection caused by a pimple or ingrown hair on his buttocks did not present a serious medical need, when plaintiff alleged that the infection got "larger and larger and larger," eventually bursting and "[bleeding] freely."); *Bruno v. Parekh*, 2008 WL 2413997, at *4 (M.D. Fla. June 11, 2008) (concluding that plaintiff's skin irritation caused by shaving, which he alleged left his face raw and bloody and was extremely painful, is not a serious medical condition because it "is not one that if left unattended, poses a substantial risk of serious harm."); *Northern v. Fuchs*, 2007 WL 5325868, at *2 (W.D. Wis. July 16, 2007) (facial skin condition characterized by inflamed, ingrown hairs, while annoying, is not a serious medical condition.). Although the Court cannot conclude that such conditions could never rise to the level of a serious medical need, it is unaware of any court that has confronted such a serious case.  An ingrown hair can be an irritating and painful condition; however, Bennett has failed to allege that his condition posed a "substantial risk of serious harm."  *See, e.g.*, *Morrison*, 614 F. App'x at 449 (facial wounds did not constitute "serious medical need"). Therefore, he has failed to allege a "serious medical need" giving rise to

a denial-of-medical-care claim under the Eighth Amendment.  His claim should be **DISMISSED**.

### 2. Conditions-of-Confinement Claims

Bennet alleges that he was subjected to unconstitutional conditions of confinement when officers denied him access to a razor and placed him in an overcrowded cell.  The Eighth Amendment governs the conditions under which prisoners are confined.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A conditions-of-confinement claim requires a prisoner to plead the same objective and subjective components required to plead a claim for denial of medical care.  *Jordan v. Doe*, 38 F.3d 1559, 1564 (11th Cir. 1994).

Under the objective component in the conditions-of-confinement context, a prisoner must allege that prison conditions were "sufficiently serious" to deprive him of a basic human need, such as "food, clothing, shelter, and medical care . . . ."  *Farmer*, 511 U.S. at 832; *see also Jordan*, 38 F.3d at 1565.  Both the severity and duration of the alleged conditions are relevant in determining whether they are sufficiently serious. *Williams v. Grant*, 2009 WL 3317262, at \*4 (S.D. Ga. Oct. 14, 2009) (citing *Chandler v. Crosby*, 379 F.3d 1278, 1294-95 (11th Cir. 2004)).

Under the subjective component, for a prison official to be deliberately indifferent, the official must be aware of facts which could give rise to an inference that a condition is a substantial risk of serious harm, the official must actually draw that inference, and the official must choose to disregard the risk. *Farmer*, 511 U.S. at 837.

Deprivation of Razors

The deprivation of razors is not "sufficiently serious" to violate the Eighth Amendment.   Courts have held that deprivation of razors, particularly for a short period of time, does not give rise to a claim under the Eighth Amendment.  *McCoy v. Goord*, 255 F. Supp. 2d 233, 260 (S.D.N.Y. 2003) ("failure to provide razors for shaving [does not] rise to the level of constitutional concern."); *Phelan v. Zenzen*, 2012 WL 5420423, at *5 (W.D.N.Y. Nov. 6, 2012) (holding that a plaintiff being deprived of a razor for ten days is a *de minimis* deprivation that fails to state a claim under the Eighth Amendment).  Bennett's brief lack of access to razors did not deprive him of a basic human need.  He has, therefore, not alleged facts sufficient to establish the objective component of a conditions-of-confinement claim based on the failure to provide a razor, and it should be **DISMISSED**.

Overcrowding

Bennett has similarly failed to allege facts establishing the objective component of his overcrowding claim. The practice of "double celling," placing two inmates in a unit built for one inmate, is not per se unconstitutional. *Evans v. St. Lucie Cty. Jail*, 448 F. App'x 971, 975 (11th Cir. 2011) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) ("The Supreme Court has rejected the notion that 'double celling'—putting twice the number of prisoners in a cell—is unconstitutional"). However, "'confining a given number of people in a given amount of space in such a manner as to cause them to endure genuine privations and hardship over an extended period of time'" might violate the Eighth Amendment. *Bright v. Wilcher*, 2018 WL 6438595, at *4 (S.D. Ga. Oct. 17, 2018) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

Here, Bennett alleges that he shared a cell with another inmate, where he slept on a "boat." Doc. 1 at 5. Although Bennett does not describe the kind of "boat" on which he slept, courts have explained that "boat" is a term often used to describe temporary bedding consisting of a platform on which mattresses or mats are placed. *Blair v. Gentry*, 2018 WL 1163756, at *3 (N.D. Ala. Jan. 30, 2018); *Alvey v. Gualtieri*, 2016 WL

10

6582897, at *2 (M.D. Fla. Nov. 7, 2016). Courts have held that housing multiple inmates in a cell where inmates must sleep on "boats" is not a sufficiently serious condition to support an alleged violation of the Eighth Amendment. *Aucoin v. Terrebonne Par. Sheriff's Office*, 2021 WL 2080212, at *11 (E.D. La. Apr. 27, 2021) (plaintiff's deliberate indifference claim based on sleeping on a boat is "frivolous," since "the Constitution does not require that an inmate be provided with an elevated bed"); *Nichols v. Loppe*, 2019 WL 3456612, at *2 (E.D. Pa. July 31, 2019) (being forced to sleep on a boat near a toilet in a cold cell with twenty other inmates does not establish the objective component of an Eighth Amendment claim); *Walker v. George W. Hill Corr.*, 2018 WL 3430678, at *3 (E.D. Pa. July 13, 2018) (plaintiff fails to establish the objective component of an Eighth Amendment claim by alleging that he was forced to sleep on a "boat unit . . . two feet from the toilet bowl" in a cell with two other individuals). Therefore, Bennett's allegations of double celling, resulting in his sleeping on a "boat," do not satisfy the objective component of an Eighth Amendment overcrowding claim, and his claim should be **DISMISSED**.

## CONCLUSION

Bennett's Complaint should be **DISMISSED** for failure to exhaust his administrative remedies. *Brown*, 212 F.3d at 1207. Since a plaintiff must exhaust his administrative remedies before filing suit under § 1997e(a), *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003), any attempt to amend would be futile. *See Jenkins v. Minton*, 2020 WL 975021, at *2 (S.D. Ga. Jan. 9, 2020) (citing *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015)) ("A *pro se* plaintiff is generally granted at least one opportunity to amend a complaint."); *Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)) ("However, a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile."). Alternatively, his claims based on denial of medical care and conditions of confinement should be **DISMISSED** for failure to state a claim upon which relief may be granted. 18 U.S.C. § 1915A.

This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and

serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED and RECOMMENDED,** this 22nd day of October, 2021.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA